UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OLUKAYODE DAVID OJO, | : |
| Petitioner, | : Civil No. 14-7951 (JLL) |
| v. | : **ORDER** |
| ERIC HOLDER, et al., | : |
| Respondents. | : |

THIS MATTER having come before the Court upon motion of Petitioner, Olukayode David Ojo, requesting appointment of pro bono counsel, (ECF No. 1); and Petitioner, who is proceeding pro se, having brought a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241; and

IT APPEARING THAT:

1. There is no "automatic" constitutional right to counsel in a federal habeas corpus proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254.; *see also Smith v. Angelone*, 111 F.3d 1126, 1133 (4th Cir. 1997); *Williams v. Turpin*, 87 F.3d 1204, 1210 (11th Cir. 1996).

2. A court may appoint counsel for any financially eligible person seeking relief under the federal habeas statutes "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In addition, the court may use its discretion to appoint counsel to any indigent civil litigant proceeding *in forma pauperis*.

*See* 28 U.S.C. § 1915(e)(1).[1] The factors examined by the court in an application presented under either statute remain largely the same. *Compare Reese*, 946 F.2d at 263 (relying on § 3006A(g)); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (same) with *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(articulating the standard under § 1915)(citing *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993)); *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir.1996) (same).

3. Initially, the district court must first decide if the petitioner has presented a non-frivolous claim. *See Reese*, 946 F.2d at 263-64; *accord Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994); *see also Parham*, 126 F.3d at 456-57. If the court determines that a claim is not frivolous, the court next must determine whether the appointment of counsel will benefit both the petitioner and the court. *See Reese*, 946 F.2d at 264; *Parham*, 126 F.3d at 457. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *accord McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *see also Parham*, 126 F.3d at 457-58. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, *see Terrovona v. Kincheloe*, 912 F.2d 1176, 1177 (9th Cir. 1990), or the issues were "straightforward and capable of resolution on the record," *Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions," *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

---

[1] Petitioner has not applied for *in forma pauperis* status in this proceeding.

4. Here, there is no indication that Petitioner does not fully comprehend the issues he presents in his § 2241 Petition. The Petition demonstrates Petitioner's ability to present his claims coherently and the Court finds that the issues raised by Petitioner are neither factually nor legally complex. The claims are straightforward: Petitioner challenges his mandatory detention pending removal. The issues are capable of resolution on the administrative record to be provided by respondents, which eliminates the need for discovery by Petitioner.

5. Therefore, because Petitioner has not established sufficient facts that would compel the appointment of counsel in the interests of justice, the Court chooses not to exercise its discretionary power to assign pro bono counsel at this time.

For the foregoing reasons,

IT IS on this __12__ day of __JAN__, 2015,

ORDERED that Petitioner's request for appointment of counsel is DENIED WITHOUT PREJUDICE.

Jose L. Linares, U.S.D.J.